98 So.2d 544 (1957)
Reuben P. MILLER, Plaintiff-Appellee,
v.
NEW ZEALAND INSURANCE COMPANY, Ltd., Defendant-Appellant.
No. 8717.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1957.
Rehearing Denied November 26, 1957.
*545 Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, for appellant.
Graydon K. Kitchens, Minden, for appellee.
GLADNEY, Judge.
The plaintiff herein asserted a direct action under LSA-R.S. 22:655 for recovery of property damages by alleging defendant's insured to be legally responsible. The case was tried in the lower court upon its merits, and resulted in a judgment in favor of plaintiff against defendant for $332, a sum representing the amount of plaintiff's loss as stipulated by counsel. From the decree so rendered, defendant has appealed.
The evidence, as a whole, is not conflicting. The plaintiff, Reuben P. Miller, owns and operates in Minden, Louisiana, a service station, cafe and tourist court. On or about April 6, 1956, one Trabek, representing defendant's insured, Advance Chemicals, called at plaintiff's place of business and demonstrated to plaintiff a chemical cleaning fluid manufactured and marketed by Advance Chemicals. The cleaner was represented and demonstrated by Trabek as not harmful to the lavatories and bathtubs. Following the demonstration Trabek caused a salesman of the local distributor of "Sterile" to call upon Miller who placed an order which was promptly filled. Williams, an *546 assistant of Miller, who was present at the aforementioned demonstration instructed the maids and porters to use "Sterile" in the same manner as demonstrated and directed by Trabek. Notwithstanding such directions were followed, the cleaner injured the enamel on a number of lavatories.
The record contains testimony to the effect that neither Miller nor any of his employees read the instructions and directions on the label affixed to the containers of the cleaning fluid so purchased. A facsimile of the label is found in the record. It carries in fine print the following caution: "Do not use in bathtubs or wash basins."
The only evidence presented by the defendant was the testimony of Gene F. Kelly who testified he made the sale for Bancroft Paper Company, Inc. following a request received by that company from Mr. Trabek, a representative of Advance Chemicals.
Counsel for appellant assigns error to the judgment from which appealed, first, in its holding that defendant is not liable because the sale was not actually made by Advance Chemicals. This action is one in tort and is authorized by LSA-Civil Code articles 2315 and 2320, under the provisions of which a master is answerable for damages occasioned by the fault of his servant in the exercise of the functions in which he is employed. It follows, therefore, that Advance Chemicals may legally be held responsible for damages accruing by reason of misrepresentations by Trabek, as to the use of "Sterile", where such misrepresentations were made in the exercise of functions performed in carrying out the duties of his employment. And, the action being one in tort, it is not relevant to the issue whether Trabek actually made the sale of the cleaning fluid to plaintiff.
Secondly, error is assigned to the judgment of the trial court in that it resolved as a fact that a salesman for the defendant's insured made the misrepresentations of which plaintiff complains. As pointed out above, the uncontradicted evidence shows otherwise and the contentions here made, therefore, must be rejected.
The third and last assignment of error by appellant rests upon its contention that it was plaintiff's duty to read the warning instruction contained on the label and that had he done so, the chemical would not have been misused to the detriment of his bathroom fixtures. And, conceding that the misrepresentations complained of by plaintiff were, in fact, made, appellant invokes the doctrine of equitable estoppel referred to in the case of Yoars v. New Orleans Linen Supply Company, La.App.1939, 185 So. 525, to the effect that where one of two innocent parties must suffer loss through fraud of another, the burden of loss should be imposed upon him who most contributed to it.
It is recognized by our jurisprudence that a manufacturer of a dangerous substance, or one which might easily result in injuries to persons or property, owes a duty to those likely to come in contact with it, to warn of danger inherent in the product. The following extract is from 65 C.J.S. verbo Negligence, § 100, p. 626
"* * * A manufacturer, vendor, or others dealing in dangerous chemicals and drugs owe to the public a positive and active duty to limit the danger by labeling or otherwise conveying knowledge of the danger. * * *"
It would appear that Advance Chemical Company did so label the containers of "Sterile" with a warning it should not be used upon bathtubs and wash basins, and, therefore, that in the absence of other circumstances, we would be justified in holding the manufacturer had discharged its legal duty by giving ample notice of the danger involved in the use of the chemical. However, in the instant case, the effect of the warning on the label was, in our opinion, to a considerable extent nullified and rendered ineffective by contrary representations by Trabek. The evidence discloses *547 further that neither plaintiff nor his employees were aware of the warning printed on the label, seemingly because they fully relied upon the oral directions given. In our opinion, plaintiff and his employees were justified in not examining the label when its demonstrated use (obviously repugnant to the caution noted on the label) conveyed a full understanding of the use to be made of the product. The uncontradicted evidence shows the maids and porters were instructed to use the cleaner upon lavatories and bathtubs in the same manner directed and demonstrated by Trabek. It seems to us the misrepresentations of the factory agent eradicated the effect of the warning stipulated on the label. In utilizing the chemical in the manner so instructed by the agent, we are of the opinion Miller (and those responsible under him), acted as an ordinarily prudent person would have done under similar circumstances. The rule applicable here is as stated in 65 C.J.S. verbo Negligence, § 118, pp. 713-714,
"Ordinary care is such care as an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury. The standard by which conduct for which plaintiff is responsible is measured by the conduct of an ordinarily prudent person under the same or similar circumstances, and not that of an ordinarily prudent person generally or that of a very cautious person. There is no want of ordinary care if no act was done or omitted by plaintiff, or one for whose conduct plaintiff is responsible, which an ordinarily prudent person, similarly situated, would not have done or omitted, although it was possible for him to avoid the injury. * * *"
Counsel for appellant argues further that Miller by simply reading the caution printed on the label could have avoided any misuse of the chemical, and relies upon Yoars v. New Orleans Linen Supply Company, supra [185 So. 529], as authority for this court to determine plaintiff is estopped from asserting this action. The case states:
"There is an equitable principle which we think should be invoked in cases like the instant onethat isthat where one of two innocent parties must suffer loss through the fraud of another, the burden of the loss should be imposed upon him who most contributed to it. This rule has ofttimes been applied by our Supreme Court. See Young v. Gretna Trust & Savings Bank, 184 La. 872, 168 So. 85, and cases there cited. Under ordinary conditions, in cases where a fraud has been committed by an agent, the rule has been invoked against his principal for the reason that the employer, by clothing the agent with apparent authority to act for him, has made the accomplishment of the fraud possible. But the doctrine applies with equal force against the defrauded third person where it appears he could have easily detected the deceit and neglected to do so for, under such circumstances, his fault must be regarded as the proximate and efficient cause of the loss. It cannot be gainsaid that, as between the parties litigant in this case, it was the plaintiff who most contributed to Leman's fraud by his failure to use ordinary diligence in checking the goods delivered to him against the C.O.D. slips."
The facts of the cited case are inapposite for therein, Leman, a dishonest employee, was enabled to repeatedly commit separate fraudulent acts over a period of six months only because of the failure of plaintiff to check and determine the items of laundry being handled by Leman, defendant's employee.
It is our conclusion plaintiff has established his case and shown that he acted as an ordinarily prudent man would under similar circumstances, and that, therefore, the proximate cause of the damage sustained was the erroneous and false directions *548 as to the use of "Sterile" given to plaintiff's employees by the agent or servant of defendant's insured. We, therefore, find no error in the judgment from which appealed, and it is hereby affirmed at appellant's cost.